1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRES MEDINA,

11          Plaintiff,                    No. CIV S-06-0808 FCD GGH P

12       vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND REHABILITATION, et al.,

14

15          Defendants.                    ORDER
     _____/

16

17          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

19   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

25   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

26   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

                                            1

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

2

1    Named as defendants are the California Department of Corrections and

2  Rehabilitation (CDCR) and Warden Campbell.  Plaintiff alleges that he has complained to

3  defendant Campbell, both verbally and in writing, regarding the problems at Mule Creek State

4  Prison.  Plaintiff complains that his administrative appeals have not been dealt with in a timely

5  manner.

6    The Eleventh Amendment bars suits brought by private parties against a state or

7  state agency unless the state or the agency consents to such suit.  <u>See</u> <u>Quern v. Jordan</u>, 440 U.S.

8  332, 99 S. Ct. 1139 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781, 98 S. Ct. 3057 (1978)( per curiam);

9  <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh

10  Amendment is not jurisdictional, the court may raise the defect on its own.  <u>Wisconsin</u>

11  <u>Department of Corrections v. Schacht</u>, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998);

12  <u>Edelman v. Jordan</u>, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974).  In the instant case,

13  the State of California has not consented to suit.  Accordingly, plaintiff's claims against the

14  CDCR are legally frivolous and must be dismissed.

15    With respect to defendant Campbell, plaintiff does not describe the problems at

16  Mule Creek he complained to her about.  Plaintiff also does not describe how or when he spoke

17  with defendant Campbell.  Without this information, the court cannot determine whether plaintiff

18  has stated a colorable claim against defendant Campbell.  Accordingly, this claim against

19  defendant Campbell is dismissed with leave to amend.

20    As to the claim that defendant Campbell failed to timely respond to his

21  administrative appeals, plaintiff has no constitutional entitlement to a specific grievance

22  procedure.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 854 (9th Cir. 2003).  Therefore, to the extent

23  plaintiff is alleging that defendant Campbell violated his due process rights by failing to timely

24  respond to his administrative grievances, plaintiff has failed to state a colorable claim.

25  /////

26  /////

1      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5 there is some affirmative link or connection between a defendant's actions and the claimed

6 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

9 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10      In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12 amended complaint be complete in itself without reference to any prior pleading.  This is

13 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16 original complaint, each claim and the involvement of each defendant must be sufficiently

17 alleged.

18      In accordance with the above, IT IS HEREBY ORDERED that:

19      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21 The fee shall be collected and paid in accordance with this court's order to the Director of the

22 California Department of Corrections and Rehabilitation filed concurrently herewith.

23 /////

24 /////

25 /////

26 /////

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED:  5/9/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
med808.b

5